UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LAWRENCE MAISANO,

       Plaintiff,                                    Hon. Janet T. Neff

v.                                                      Case No. 1:09 CV 99

RAYMOND GELABERT, et al.,

       Defendants.

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant Merlau's Motion for Summary Judgment. (Dkt. #63). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted**.


**BACKGROUND**

Plaintiff initiated this action on February 6, 2009, against Correctional Medical Services (CMS), Dr. Raymond Gelabert, and Patricia Merlau, R.N. The following allegations are contained in Plaintiff's amended complaint. (Dkt. #60). Plaintiff injured his lower back in 2001. Plaintiff was "examined and treated by various prison personnel" without success. Plaintiff began treating with Defendants in 2008.

Plaintiff continued to experience "constant back pain," as well as "deterioration of his spine, abdominal pain and Hepatitis C." Plaintiff's request that he "be referred to an outside specialist" to "have both hip-joints replaced" was denied. Defendants also denied Plaintiff's request to participate

in an MRI examination. Defendants have intentionally allowed Plaintiff's medications to expire "at one time or another." Plaintiff is missing several teeth which causes him to experience "terrible pain every time he eats." Nevertheless, Plaintiff has been denied "serious dental care." Plaintiff has also been denied treatment for Hepatitis-C. Despite suffering "agonizing pain" Defendants refuse to provide Plaintiff with "adequate pain medication." The "doctor" has often failed to renew Plaintiff's pain medications "for no apparent reason" and the "nursing staff ignores [Plaintiff] as if he were a nuisance and not a patient." Because Defendants have refused to provide Plaintiff with appropriate medical care, Plaintiff experiences "headaches all the time," as well as "permanent injuries" to his head, neck, lower spine, and legs.

Defendant CMS has failed to instruct, supervise, and train its employees and agents. Defendant CMS "employed physicians, and assistants, staff and other personnel who were unskilled, incompetent, unfit for such employment and were permitted. . .to attend, advise, diagnose and provide treatment to Plaintiff Maisano that was so cursory as to amount to no treatment at all." Defendant CMS also "failed to draft, promulgate, adapt, or enforce appropriate rules, regulations, policies, bylaws, orders, and constitutional provisions that could and should have prevented the acts and negligence committed against Plaintiff and that also could and should have prevented the injuries that Plaintiff suffered."

Plaintiff asserts that Defendants Gelabert, Merlau, and CMS have violated his Eighth Amendment right to be free from cruel and unusual punishment. Defendant Merlau now moves for summary judgment. Plaintiff has failed to respond to Defendant's motion.

# **SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party has met its burden of production, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the nonmoving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative

evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no

reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976). Accordingly, the Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06; *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).

The analysis by which an official's conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation is sufficiently serious. In this respect, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. If the objective test is met, the Court must then determine whether the official possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

In other words, Plaintiff must establish that the official "actually knew" that he "faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it." *Howard v. Calhoun County*, 148 F.Supp.2d 883, 888-89 (W.D. Mich. 2001) (citing *Farmer*, 511 U.S. at 847).

To the extent, however, that Plaintiff merely disagrees with the treatment he received, or asserts that he received negligent care, such fails to implicate the Eighth Amendment. *See Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)) ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Brown v. Kashyap*, 2000 WL 1679462 at *1 (6th Cir., Nov. 1, 2000) (citing *Estelle*, 429 U.S. at 106) ("allegations of medical malpractice or negligent diagnosis and treatment" do not implicate the Eighth Amendment); *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995) (if prison officials responded reasonably to a substantial risk to an inmate's health or safety, they may avoid liability – even if the harm ultimately was not averted).

In his amended complaint, Plaintiff has asserted against Defendant Merlau no specific allegations of wrongdoing. Instead, Plaintiff simply advances the vague allegation that "Defendants" denied his requests for certain medical treatment.[1] Specifically, Plaintiff asserts that "Defendants" denied: (1) his requests to be examined by an outside specialist; (2) his requests to participate in an MRI examination; (3) his requests for dental care; (4) his requests for sufficient pain medication; and (5) his requests to receive treatment for Hepatitis-C.

---

[1] The Court also notes that with respect to Plaintiff's claims against Defendant Merlau, the material attached to Plaintiff's complaint and amended complaint sheds no light on the vague allegations asserted in Plaintiff's amended complaint.

In support of her motion for summary judgment, Defendant Merlau has submitted an affidavit in which she asserts the following:

> I am not the person who prescribes treatment for a patient; nor can I schedule a patient for dental devices. The treatment, including medication orders, is prescribed by a Medical Service Provider (MSP). Appointments for dental devices are handled by dental staff in accordance with applicable policy.
>
> There are criteria that the MSP follows in order to prescribe a treatment for a medical condition. I am not the person who determines whether or not a patient meets the criteria for treatment for medical conditions such as Hepatitis-C or surgical procedures. Mr. Maisano was being seen regularly by the MSP.
>
> On September 18, 2008, there was a consult request completed by the MSP for the patient to be seen by an Orthopedic Surgeon for a presumed diagnosis of "Bilateral Joint Disease of both Hips with persistent pain." The patient was never seen by the Orthopedic Surgeon because it was determined by the MSP (CMS/UM) that the criteria was not met to be seen by the Orthopedic Surgeon and conservative management of the condition should continue.
>
> According to Mr. Maisano's medical file, the MSP has prescribed various pain medications for the patient. When the MSP did not reorder certain medications, the patient was treated with alternate medications to assist in the treatment of his condition.
>
> *          *          *
>
> Health care staff was attentive to Mr. Maisano's concerns, and he was regularly seen in the clinic by the Medical Servicve Provider and MDOC health services staff.

(Dkt. #64, Exhibit A).

Plaintiff has failed to respond to Defendant Merlau's motion for summary judgment or otherwise submit evidence in opposition thereto. The evidence submitted by Defendant Merlau is sufficient to defeat Plaintiff's vague and unspecific claims. Accordingly, the undersigned recommends that Defendant Merlau is entitled to summary judgment.

**CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Defendant Merlau's Motion for Summary Judgment</u>, (dkt. #63), be **granted**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: April 2, 2010 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge