UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE MAISANO,

    Plaintiff,

Case No. 1:09-cv-99

v

HON. JANET T. NEFF

RAYMOND GELABERT, et al.,

    Defendants.
_____/

## OPINION

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Defendant Patricia Merlau ("Defendant") filed a motion for summary judgment (Dkt 63). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that this Court grant Defendant's motion. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion.

In his objections, Plaintiff seems to argue that the Magistrate Judge did not properly consider how Defendant's repeated failures to respond adequately to grievances filed by Plaintiff about his medical treatment could amount to unconstitutional deliberate indifference (Dkt 75 at 3-12). Plaintiff does not point directly to any conduct by Defendant herself that constituted a constitutional violation, but rather he argues that she repeatedly failed to take seriously his complaints about the

treatment he was receiving (*id.* at 5), and she failed to complain to her supervisors when she knew how much pain he was in (*id.* at 7). Furthermore, Plaintiff points to the fact that Defendant repeatedly denied the grievances he filed and treated him as a nuisance (*id.*).

These objections are without merit. The Court of Appeals has held that "the denial of [a] grievance is not the same as the denial of [a] request to receive medical care." *Martin v. Harvey*, 14 Fed. App'x 307, 309 (6th Cir. 2001) (unpublished). Here, Plaintiff attempts to equate Defendant's disagreement with his complaints about his medical treatment with an actual denial of treatment. The difference, however, is crucial: the former may be an actionable constitutional violation, but the latter is not. *Alder v. Correctional Medical Services*, 73 Fed. App'x 839, 841 (6th Cir. 2003) (unpublished). In her affidavit, Defendant has clearly stated that she had no discretion over the treatment that Plaintiff actually received (*see* Dkt 64, Exhibit A). As Plaintiff has failed to provide any evidence tending to negate this assertion, summary judgment must be granted. *See Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005) (requiring summary judgment where Plaintiff fails to provide evidence of an essential element of a claim).

To the extent Plaintiff also seems to argue that the Magistrate Judge did not allow him adequate time to proceed with discovery before making a recommendation as to Defendant's Motion for Summary Judgment (Dkt 75 at 3), his argument is without merit. A court does not have to grant an extension of time for discovery where it is evident that allowing "the desired discovery would [not] have changed the ruling [on the motion.]" *Plott v. General Motors Corp.*, 71 F.3d 1190, 1196 (6th Cir. 1995) (citations omitted). Furthermore, Plaintiff's general allegations that the evidence will show how Defendant was deliberately indifferent are insufficient as a matter of law.

*See Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted) (holding that the non-moving party cannot "rest upon mere allegations" at summary judgment).

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. An Order will issue consistent with this Opinion.


Dated: June 3, 2010                                  /s/ Janet T. Neff
                                                     JANET T. NEFF
                                                     United States District Judge

3